IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

**HEATHER A. WADE,**

      **Plaintiff,**

  v.                                    **CIVIL ACTION NO. 4:04cv134**

**JO ANNE B. BARNHART,**
**COMMISSIONER OF**
**SOCIAL SECURITY,**

      **Defendant.**

***MEMORANDUM OPINION & ORDER***

      This case is before the Court on cross-motions for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Commissioner ("Defendant") objects to the Magistrate Judge's recommendation to remand the case back to the Administrative Law Judge ("ALJ") to assign a weight to two of Heather Wade's ("Plaintiff") treating physicians' opinions. For the reasons set forth below, the Court adopts the Magistrate Judge's recommendation. Defendant's motion for summary judgment is **DENIED**. Plaintiff's motion for summary judgment is **DENIED**, but the motion is granted to the extent that the decision of Defendant is **VACATED** and the matter is **REMANDED** for further proceedings consistent with this opinion.

## I.  FACTUAL & PROCEDURAL HISTORY

The Court adopts the facts and administrative procedural background as set forth in the Magistrate Judge's Report and Recommendation.  Briefly, on October 10, 2002, Plaintiff filed an application for social security disability benefits and supplemental security income ("SSI").  Plaintiff alleges that she became disabled as of January 1, 2001, because of bipolar disorder.  Plaintiff's claim was initially denied on January 24, 2003 and then denied on reconsideration on July 16, 2003.  Plaintiff had a hearing in front of an ALJ on December 8, 2003.  The ALJ issued a decision on July 13, 2004, which found that Plaintiff was not disabled.  The Appeals Council of the Office of Hearings and Administration denied review on September 7, 2005.  The procedural history in this Court follows.

On October 22, 2004, Plaintiff filed a complaint under 42 U.S.C. § 405(g) (2000) seeking judicial review of the decision of the Social Security Administration to deny her social security disability benefits and SSI.  Defendant answered on January 12, 2005.  On February 17, 2005, this Court referred the case to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) (2000) and Rule 72(b) of the Federal Rules of Civil Procedure and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.  After Plaintiff and Defendant both filed timely motions for summary judgment, the Magistrate Judge issued a Report and Recommendation, dated August 4, 2006, that recommended that the case be remanded to the ALJ for further consideration.  On August 17, 2006, Defendant filed an objection to the Magistrate Judge's Report and Recommendation.  Plaintiff has not filed her own objection or responded to Defendant's objection.  This matter is now ripe for judicial determination.

## II. STANDARD OF REVIEW & LEGAL STANDARD

When either party objects to the Magistrate Judge's Report and Recommendation, the Court must review the relevant findings by the Magistrate Judge *de novo*. 28 U.S.C. § 636(b)(1). The Court must examine the Commissioner's decision and determine whether substantial evidence exists in the administrative record to support the Commissioner's decision. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. of New York v. NLRB*, 305 U.S. 197, 229 (1938). This standard requires more than a mere scintilla of evidence, but need not meet the threshold of preponderance of the evidence. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). Furthermore, "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987), *quoted in Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

Rule 56(c) provides for summary judgment if the Court, viewing the record as a whole, determines "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In deciding a motion for summary judgment, the Court must view the facts and inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). To defeat summary judgment, the nonmoving party must go beyond the pleadings with affidavits, depositions, interrogatories, or other evidence to show that there is in fact a genuine issue for

trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The Court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. In considering cross motions for summary judgment, the court must apply the same standard of review to each motion and "determine whether summary judgment is appropriate as to each." *Monumental Paving & Excavating, Inc. v. Pennsylvania Mfrs.' Ass'n Ins. Co.*, 176 F.3d 794, 797 (4th Cir. 1999).

### III.  DISCUSSION

In her motion for summary judgment, Plaintiff raises three arguments as to why Defendant's decision to deny benefits should be reversed or remanded. The first two arguments, which the Magistrate Judge rejected, are that the ALJ failed to give appropriate weight to the medical opinion of a non-treating examining physician and that the ALJ improperly disregarded the vocational expert's response to Plaintiff's counsel's hypothetical question at the ALJ hearing. The Magistrate Judge agreed with Plaintiff's other argument, that the ALJ failed to assign weight to the opinions of two of Plaintiff's treating physicians, and recommended that the case be remanded to the ALJ.

**A.  The Weight Given to the Non-treating Examining Physician**

Plaintiff argues that the ALJ improperly dismissed the opinion of Dr. Gringas. On January 10, 2003, Dr. Gringas performed a psychological examination on Plaintiff. (R. 106-09) Dr. Gringas found that although Plaintiff "has a cognitive capacity to perform detailed and complex tasks," Plaintiff "would have difficulties maintaining regular attendance, performing on

a consistent basis and completing [sic] normal workweek." (R. 108-09) Dr. Gringas concluded that Plaintiff "would have difficulties interacting with coworkers and the public and dealing with the usual stressors in competitive work." (R. 109)

The factors an ALJ is to consider when determining the weight to give a medical source opinion include the length of treatment, the frequency of examination, the nature and extent of the treatment relationship, the supportability of the opinion, the consistency of the opinion with the record, the specialization of the physician, and other factors that may support or contradict the opinion. 20 C.F.R. § 416.927(d). The Magistrate Judge correctly notes that the ALJ properly considered all of these factors in giving no weight to Dr. Gringas' opinion. The ALJ noted that Dr. Gringas saw Plaintiff on only one occasion for an evaluation. (R. 17) The ALJ cited Dr. Gringas' report by exhibit number and properly recounted his findings. *Id.* The ALJ compared Dr. Gringas' report with the record as a whole, stating that Dr. Gringas' report "identifies many strengths, which are inconsistent with his implication that [Plaintiff] is unable to sustain work activity." *Id.* Finally, the ALJ noted that Dr. Gringas is a licensed clinical psychologist. *Id.* The ALJ properly considered the relevant factors as discussed above and decided not to credit Dr. Gringas' opinion that Plaintiff would be unable to work. The Court adopts the Magistrate Judge's finding that there is substantial evidence to support the ALJ's finding that Dr. Gringas' opinion was entitled to no weight.

**B. The Vocational Expert's Testimony**

Plaintiff also argues that the ALJ improperly based his decision on the vocational expert's answer to the ALJ's own hypothetical, which Plaintiff maintains did not encompass all of Plaintiff's limitations. The ALJ's hypothetical was as follows:

5

> I would ask you if you would to consider a hypothetical individual, and let's assume this is a younger individual with the equivalent of a high school education and basically for purposes here just an unskilled work background. We're to assume this individual could perform a range of work that would only be required [sic] to understand, remember, carry out simple instructions and perform simple tasks, where there'd be few or infrequent changes in the work, where there'd be no decision making as part of the job, where there'd be only occasional interaction with peers, supervisors or the public. Would there be jobs for such an individual?

(R. 233) In response to this question, the vocational expert outlined three jobs Plaintiff could perform that exist in significant numbers in the national economy: packer, janitor, and laundry worker. *Id.* Plaintiff argues that this hypothetical improperly excluded Plaintiff's limitations as detailed by Dr. Gringas. At the ALJ hearing Plaintiff's counsel posed a hypothetical based on Dr. Gringas' report. (R. 234) The vocational expert stated that given those limitations, Plaintiff would be unable to perform the jobs previously outlined. (R. 236)

The Magistrate Judge correctly concluded that the ALJ properly disregarded the vocational expert's answer to Plaintiff's counsel's hypothetical. As discussed above, the ALJ has given appropriate reasons for rejecting Dr. Gringas' opinion of Plaintiff's limitations. Therefore, the ALJ could properly disregard the hypothetical based on these limitations. *See Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989) (stating that a vocational expert's hypothetical "must be in response to proper hypothetical questions which fairly set out all of claimant's impairments."). The Court adopts the Magistrate Judge' finding that there is substantial evidence to support the ALJ's rejection of Plaintiff's counsel's hypothetical.

**C. The Assignment of Weight to Plaintiff's Treating Physicians**

Plaintiff argues that the ALJ erred in not explicitly assigning weight to the opinions of

two of Plaintiff' treating physicians, Dr. Lee and Dr. Arboleda.  Defendant objects to the Magistrate Judge's recommendation to remand the case back to the ALJ for an explicit assignment of weight of these two opinions.  Defendant maintains that the ALJ was not required to explicitly assign weight to treating physicians' opinions when those opinions only provide support for the ALJ's ultimate determination.  Defendant argues that the ALJ's lack of an explicit discussion of the weight given to these two opinions is harmless, because both opinions provide only supporting evidence in favor of the ALJ's determination.

It is important as a preliminary matter to confirm that Dr. Lee and Dr. Arboleda are in fact treating physicians in this case.  Treating sources "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence" that may not be found in objective medical reports or individual or consultative examinations.  20 C.F.R. § 404.1527(d)(2).  A treating source's opinion "reflects an expert judgment based on a continuing observation of the patient's condition over a prolonged period of time."  *Smith v. Schweiker*, 795 F.2d 343, 345-46 (4th Cir. 1986).  Dr. Lee treated Plaintiff several times over the course of a year, prescribing drugs and keeping notes of her progress.  (R. 94-101)  Dr. Arboleda was the only physician treating Plaintiff from October 2003 until December 2003, and Dr. Arboleda also prescribed Plaintiff drugs and kept notes of her progress.  (R. 207-09)  Dr. Lee and Dr. Arboleda are both correctly characterized as treating physicians.

Regulations promulgated by Defendant state that, "Generally, we give more weight to opinions from your treating sources."  20 C.F.R. § 416.927(d)(2).  In addition, the regulations make clear what is known as the "treating physician rule," which states that if the treating

physician's opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight." *Id.*, *see also Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). If the treating physician's opinion "is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig*, 76 F.3d at 590 (4th Cir. 1996). "Under such circumstances, the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." *Mastro*, 270 F.3d at 178.

When a treating source's opinion does not receive controlling weight, the regulations state the factors to be applied in determining the weight to give the opinion. 20 C.F.R. § 416.927(d)(2). As noted above, these factors include the length of treatment, the frequency of examination, the nature and extent of the treatment relationship, the supportability of the opinion, the consistency of the opinion with the record, the specialization of the physician, and other factors that may support or contradict the opinion. *Id.* The Defendant's regulations also state that, "We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion." *Id.*

As noted above, Dr. Lee and Dr. Arboleda were both Plaintiff's treating physicians. In his written decision, the ALJ mentions Dr. Lee by name only once, stating that:

> Medical records from Dr. John Lee, the claimant's treating physician, . . . reveal that she was drinking occasionally but had been free of cocaine use for several years. These records do not suggest that the claimant's impairments and limitations after onset are a result of her alcohol dependence or her cocaine dependence. Consequently, the claimant's substance use disorders are nonsevere impairments as defined by the regulations.

8

(R. 15) The ALJ never mentions Dr. Arboleda by name. The ALJ does mention "treating sources," stating that "Medical records from her treating sources support the diagnosis of bipolar disorder II, and alcohol and cocaine dependence, but do not identify any other impairments." (R. 15)

The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has stated that, "We cannot determine if findings are unsupported by substantial evidence unless the Secretary [of Health and Human Services] explicitly indicates the weight given to all of the relevant evidence." *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984); *see also Murphy v. Bowen*, 810 F.2d 433, 437 (4th Cir. 1987). In *Gordon*, the Fourth Circuit remanded the case so that an explicit weight could be given for all of the plaintiff's medical reports. *Id.* at 236. In the present case, the only time the ALJ mentioned Dr. Lee was in connection with Plaintiff's substance abuse history. There is no discussion of Dr. Lee's opinion on Plaintiff's bipolar condition, much less an explicit assignment of weight. The ALJ never mentions Dr. Arboleda or his opinion. These omissions render the Court unable to determine whether the ALJ's opinion is supported by substantial evidence. *See Gordon*, 725 F.2d at 235.

Defendant argues that the ALJ did not err because the opinions of Dr. Lee and Dr. Arboleda were not inconsistent with the ALJ's findings concerning Plaintiff's disability. However, even if true, this does not obviate the need for the ALJ to explicitly discuss and weigh the opinions of a claimant's treating physicians. *See* 20 C.F.R. § 416.927(d)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion."). It is the province of the ALJ to accept or discredit the opinions of a

claimant's treating sources, but the ALJ must always explain the weight given to these sources. The ALJ failed to do this in the present case. The Court adopts the Magistrate Judge's finding that the ALJ's failure to accord weight to the opinions of Dr. Lee and Dr. Arboleda, Plaintiff's treating physicians, renders the Court unable to determine whether the record is supported by substantial evidence.

### IV.  CONCLUSION

Having addressed the relevant objections to the Magistrate Judge's Report & Recommendation in this case, the Court does hereby **ADOPT** the findings and recommendations set forth in the report. Defendant's motion for summary judgment is **DENIED**. Plaintiff's motion for summary judgment is **DENIED**, but the motion is granted to the extent that the decision of Defendant is **VACATED** and the matter is **REMANDED** for further proceedings consistent with this opinion.

The Clerk is **DIRECTED** to send a copy of the Order to the parties.

**IT IS SO ORDERED**.

_____/s/_____
Raymond A. Jackson
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
November 28, 2006